IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Parmanand Beharry, ) | C/A No. 7:17-107-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Congress of the United States (*US Senate* ) | |
| *and US House of Representatives*), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Parmanand Beharry ("Plaintiff"), proceeding pro se, brings this civil action related to the 2016 United States ("U.S.") presidential election. Plaintiff is a non-prisoner and paid the full filing fee. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff brings this civil action against Congress of the U.S. alleging a violation of the U.S. Constitution. [Doc. 1.] It appears that he seeks to sue the U.S. Senate and the U.S. House of Representatives by serving Joseph Robinette Biden, Jr. (for the Senate) and Paul Ryan (for the House of Representatives). [Docs. 1, 11.]

Plaintiff alleges the following facts. He resides in Spartanburg, South Carolina. [Doc. 1.] The 2016 U.S. presidential election result is unconstitutional because the election was interfered with by Russia which he alleges is an enemy of the U.S. [*Id.*] Also, the election result should be voided because the voters were influenced by "criminal activity (wiki-leaks) and complicity by mass media." [*Id.*]

Plaintiff seems to point to the constitutional clauses related to the electoral college and the electors as a basis for jurisdiction. [*Id.*] He requests that this Court rule that the

2016 presidential result is "null and void" and to "instruct the U.S. Congress to de-certify the electoral college votes (electors)." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1]  *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted*, 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (2007); *see also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir.

---

[1]This Court is not conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915.

2

1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Plaintiff is a pro se litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure

8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Id.*  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction.  *Id.*

Because standing implicates the Court's subject matter jurisdiction, this Court must address it.  Article III limits a federal court's jurisdiction to "cases" and "controversies," and part of that requirement is that a plaintiff must establish that he has standing to sue.  *See David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013); *see also Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 753 (4th Cir. 2013).  "To have Article III standing, [a plaintiff] must be able to show that (1) she suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision."  *Id.*

To establish an injury-in-fact, a plaintiff must suffer a "palpable and distinct harm." *See Samuel v. Virgin Islands Joint Bd.of Elections*, No. 2012-0094, 2013 WL 842946, at *3 (D.V.I. March 7, 2013).  "In addition, even though the 'injury can be widely shared,' it must 'nonetheless be concrete enough to distinguish the interest of the plaintiff from the generalized and undifferentiated interest every citizen has in good government.'" *Id.* (citation omitted).  In *Samuel,* where the plaintiffs were concerned about the validity of vote

4

tabulation and election certification and they asserted that the defendants infringed on voters' right to vote in fair and transparent elections, the District Court of the Virgin Islands held that the plaintiffs lacked standing. *Id.* at *5. The court found that plaintiffs' alleged injury was no different from concerns of other voters or other candidates. *Id.* For example, the plaintiffs did not allege they were deprived of election to the various positions they sought; rather, they complained about the election process that may have been comprised. *Id.* Thus, the court found that the plaintiffs did not allege sufficient personal injury to establish standing. *Id.*

Here, similar to *Samuel*, Plaintiff fails to allege facts sufficient to constitute standing. He does not allege any personal injury such as deprivation of election to the office of president. He does not allege that he was a candidate nor even that he was a registered voter. Plaintiff merely alleges that he was deprived of the right to a constitutional 2016 presidential election process due to Russia's wrongful involvement with the election, wiki-leaks, and media interference. However, this alleged injury is no different from concerns of other voters or other candidates. Accordingly, this Court finds that Plaintiff fails to allege an injury-in-fact sufficient to establish standing. And, this action should be dismissed for lack of subject matter jurisdiction.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action for lack of subject mater jurisdiction without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin

February 21, 2017                        Jacquelyn D. Austin
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).